```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/19/2019__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL BLUNT,

      Petitioner,

-against-

ADA PEREZ, SUPERINTENDENT,

      Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2019

14 Civ. 2333 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

  On November 12, 2019, Petitioner, Samuel Blunt, filed a notice of appeal in this case. ECF No. 38. The Court has issued several orders in this matter in response to Petitioner's repeated filings, *see* ECF Nos. 23, 25, 33, and it is not apparent from the notice of appeal which of those orders Petitioner intends to appeal. But assuming he intends to appeal the Court's most recent order, dated April 18, 2019, ECF No. 33, his appeal would be untimely. Petitioner had 30 days to appeal from the Court's judgment. *See* Fed. R. App. P. 4(a)(1)(A). He filed his notice of appeal 208 days after the Court's most recent order. Petitioner has filed a motion for extension of time to appeal. ECF No. 37. But this motion, too, is untimely. Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that "The district court may extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Petitioner's motion was filed far more than 30 days after the Rule 4(a) deadline. In addition, the motion identifies no reason for the late filing, much less excusable neglect or good cause. Accordingly, Petitioner motion is DENIED.

  The Report and Recommendation issued by the Honorable Gabriel W. Gorenstein in response to Petitioner's most recent motion found that Petitioner's motion was "indecipherable." ECF No. 30 at 1. This Court adopted that report and recommendation in full, likewise finding Petitioner's objections "indecipherable." ECF No. 33. As is apparent from that finding, Petitioner has not made a "substantial showing of the denial of a constitutional right," and consequently no certificate of appealability ("COA") should issue pursuant to 28 U.S.C. § 2253(c). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (to obtain a COA, "a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (brackets internal quotation marks and citation omitted)). Moreover, any appeal would at this point be barred as untimely. The untimely filing of a notice of appeal is itself grounds to deny a COA. *See Meszaros v. United States*, No. 16-3790, 2017 WL 5479460, at *1 (2d Cir. Feb. 3, 2017) (dismissing appeal for lack of jurisdiction and denying COA where notice of appeal was untimely filed); *cf. Buck v. Davis*, 137 S. Ct. 759, 777 (2017) ("[A] litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason[.]"). Were Petitioner attempting

to appeal any of the Court's earlier rulings, the same time bar would conclusively bar relief. Accordingly, a COA is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 37. The Clerk of Court is further directed to mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: November 17, 2019
       New York, New York

                                              ANALISA TORRES
                                      United States District Judge